OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
In this proceeding based on alleged nonprimary residence, petitioner moves for leave to depose respondent Loizeaux, and Ms. Loizeaux cross-moves to stay the proceeding until the New York City Loft Board determines (a) whether Ms. Loizeaux may sell the fixtures she installed in the loft; and (b) if so, to *642 whom and at what price. The motion is denied, the cross motion is granted.
The parties’ affidavits and exhibits show that Ms. Loizeaux has occupied a loft at 50 Bond Street since 1976, first pursuant to a lease and then as a tenant presumably protected by Multiple Dwelling Law article 7-C (the Loft Law). She sublet the apartment to respondents Schoeppner and Boas in 1984 when, Ms. Loizeaux states, problems of health forced her to temporarily go out of town.
In response to petitioner’s assertion that the loft is not respondent’s primary residence, Ms. Loizeaux alleges that she proposed to sell to her subtenants the improvements and fixtures she installed to make her loft habitable, as permitted by Multiple Dwelling Law § 286 (6). Her subtenants allege that the statutory procedure, by which petitioner as landlord has a right of first refusal of the purchase, does not apply. Rather, the subtenants argue, they would compensate Ms. Loizeaux for her fixtures according to the Loft Board’s subletting regulations. Both Ms. Loizeaux and her subtenants Boas and Schoeppner asserted that they intend to file applications for the Loft Board to consider how the subtenants may acquire the fixtures, and counsel for Ms. Loizeaux attached an application to her latest affirmation, which she asserts was filed with the Loft Board on November 24, 1986.
The question of fixture sale or compensation is a matter within the particular expertise of the Loft Board. (Moskowitz v Archer, NYLJ, Feb. 14, 1986, at 12, col 6 [App Term, 1st Dept].) In Moskowitz the tenant attempted to sell his fixtures to an incoming tenant pursuant to Multiple Dwelling Law § 286 (6). The landlord tried to exercise its right of first refusal and disagreed about the fixtures’ value. The incoming tenant obtained possession of the loft and the landlord commenced a holdover proceeding based on assignment of the lease without the landlord’s consent. The Appellate Term stayed the holdover proceeding pending the Loft Board’s determination of the value of the fixtures.
In this case, as in Moskowitz (supra), the Loft Board’s determination of the issues concerning sale of the fixtures will necessarily affect the ultimate disposition of the summary proceeding. For example, whether the Loft Board finds that petitioner has a right of first refusal pursuant to Multiple Dwelling Law § 286 (6) and whether petitioner exercises that right will affect the subtenants’ right to occupy the loft.
*643 Furthermore, the instant case is distinguishable from West Grammercy Assoc. v Miller (NYLJ, Oct. 31, 1986, at 12, col 4 [App Term, 1st Dept]) in which the Appellate Term declined to stay a summary proceeding pending a determination by the Loft Board. In this case, unlike Miller, the tenant has actively asserted her interest in the summary proceeding, has retained her own counsel, has demonstrated that she may validly be considered the tenant protected by the Loft Law and has established a reasonable basis for deferring to the Loft Board’s administrative expertise, namely, the need to consider her claim to a fixture sale.
Accordingly, motion denied; cross motion granted. The parties are advised to pursue application before the Loft Board as expeditiously as possible, and petitioner may renew its motion for disclosure if the summary proceeding resumes after the Loft Board makes its determination.